IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DENNIS W. VAUGHAN,**

    **Petitioner,**

  v.                            **CIVIL ACTION NO. 5:07cv51**
                                    **(Judge Stamp)**

**WARDEN, MS. J. FRANCIS,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On April 18, 2007, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner is an inmate at the Satellite Camp at FCI Gilmer challenging the validity of sentences imposed in the United States District Court for the District of Kansas. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

The petitioner was convicted in the United States District Court for the District of Kansas following a plea of guilty to four counts of contempt of a court order in violation of 18 U.S.C. § 401(3). On August 9, 2002, he was sentenced to sixty months on each of the four counts with all counts to run concurrently. In addition, he was sentenced to three years supervised release with special conditions, a $400.00 assessment was imposed, and restitution in the amount of $1,621,500.00 was assessed. In a separate proceeding, the petitioner was convicted in the United States District Court for the District of Kansas following a guilty plea to conspiracy to commit wire fraud in

1

violation of 18 U.S.C. §§ 371 and 1353 and three counts of aiding and abetting engagement in monetary transaction in property derived from a specified unlawful activity in violation 18 U.S.C. §§ 1957(a) and 2.  On August 9, 2002, the petitioner was sentenced to a term of eighty-four months on each of the four counts, with all counts to run concurrently and with the term of imprisonment imposed on the four counts of contempt of a court order.  In addition, a second $400.00 assessment was imposed and restitution in the amount of $12,072,900 was assessed.  The petitioner appealed both convictions and both were affirmed by the 10th Circuit Court of Appeals.  The petitioner also filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 regarding his conviction on the four counts of contempt of a court order.  That motion was denied on April 3, 2006, and the Court of Appeals dismissed the appeal of the district court's denial of the § 2255.[1]

Petitioner now attacks the validity of the restitution portion of each of his sentencing orders. In support thereof, the petitioner notes that the sentencing judge had already declared him indigent and waved his fine because of his inability to pay.  Therefore, the petitioner argues that the sentencing judge should have waived restitution as well based on his inability to pay.  Therefore, the petitioner asks this court to "quash and set aside" the restitution orders.

### III. ANALYSIS

A motion filed under §2241 is typically used to challenge the manner in which a sentence is executed.  See In re Jones, 226 F.3d 338, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997).  A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence.  See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).  Here, the petitioner

---

[1]Information regarding the petitioner's criminal convictions is available on PACER by accessing Case Numbers 2:01cr-20077-KHV-1 and 2:01-cr-2011-KHV-1.

is challenging the legality of the sentencing court's orders regarding restitution. However, this challenge does not relate to the execution of his sentence and is not ordinarily cognizable in a §2241 petition. See Cox v. Warden, Federal Detention Center, 911 F.2d 1111, 1114-15 (5th Cir. 1990) (affirming the district court's dismissal of petitioner's § 2241 petition on jurisdictional grounds to the extent petition challenged "the sentencing court's imposition of ... any form of monetary assessment, fine, or restitution ordered by the sentencing court").

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S..C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or

3

> the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[2]

Id. at 333-34.

Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violation of 18 U.S.C. §§ 371, 401(3) and 1343 remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver

---

[2]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

4

of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: October 30, 2007

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE