IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DENNIS W. VAUGHAN,

    Petitioner,

v.                                             Civil Action No. 5:07CV51
                                                                       (STAMP)
WARDEN, MS. J. FRANCIS,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

The pro se[1] petitioner, Dennis W. Vaughan, was convicted in the United States District Court for the District of Kansas on four counts of contempt of a court order, in violation of 18 U.S.C. § 401(3). The petitioner was sentenced to four sixty-month periods of imprisonment, to run concurrently, and three years of supervised release with special conditions. He was ordered to pay a $400.00 special assessment restitution in the amount of $1,621,500.00.

In a separate proceeding in the United States District Court for the District of Kansas, the petitioner pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371 and 1353, and three counts of aiding and abetting engagement in monetary transaction in property derived from a specified unlawful activity in violation of 18 U.S.C. §§ 1957(a) and 2. For these

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

convictions, the petitioner was sentenced to 84 months of imprisonment on each of the four counts, all to run concurrently with the term of imprisonment imposed on the four counts of contempt of a court order. Additionally, a second $400.00 special assessment was imposed, and the petitioner was ordered to pay restitution in the amount of $12,072,900.00.

On appeal, the United States Court of Appeals for the Tenth Circuit affirmed both convictions. The petitioner then filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 regarding his conviction on the four counts of contempt of a court order. The motion was denied on April 3, 2006, and the Tenth Circuit dismissed the appeal.

In the present action, the petitioner has filed an application for habeas corpus pursuant to 28 U.S.C. § 2241, attacking the validity of the restitution payments included in each of his sentencing orders. In his § 2241 petition, the petitioner argues that because the sentencing judge declared him indigent and waived his fine due to inability to pay, the sentencing judge should have also waived restitution. Accordingly, the petitioner requests that the restitution orders be "quash[ed] and set aside."

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. The magistrate judge issued a report and

recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner did not file objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the petitioner did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

The magistrate judge recommended to this Court that the petitioner's § 2241 petition be dismissed because the petitioner's claims are not properly raised under § 2241 by challenging the manner in which his sentence is being executed. This Court finds no clear error in the magistrate judge's report and recommendation.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by a § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.3d 1160, 1162 (9th Cir. 1988)). Rather, a § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones. Specifically, 18 U.S.C. §§ 371, 401(3), 1343, 1957(a) and 2, the substantive laws under which the petitioner was convicted, have not changed since the date of the petitioner's convictions such that the petitioner's conduct would no longer be deemed criminal. Therefore, the petitioner cannot satisfy the second prong of the Jones test, and the magistrate judge's report and recommendation dismissing the petitioner's § 2241 petition with prejudice is not clearly erroneous.

## IV. Conclusion

Because the petitioner has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   July 17, 2009

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE